UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:16-CV-109-GFVT

| | |
|---|---|
| DR. JAMES TAYLOR<br>MRS. DINAH TAYLOR<br><br>PLAINTIFFS<br>V<br><br>UNIVERSITY OF<br>THE CUMBERLANDS<br><br>DEFENDANT | )<br>)<br>)           *Electronically Filed*<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF PHILLIP BLOUNT**

Defendants have designated Mr. Phillip Blount as an expert witness and have produced his report of March 19, 2018, (the "Blount Litigation Report") purportedly to comply with FRCP 26(a)(2) ("Disclosure of Expert Testimony") and this Court's Scheduling Order. Because it was intended only to rebut Mr. Smith's testimony, now that Mr. Smith is not being called as Plaintiffs' expert, the opinions expressed in the Blount Litigation Report are irrelevant.[1] There are no other opinions Mr. Blount can render.

The civil rule provides the following

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

---

[1] Defendant has already agreed not to mention before the jury the Plaintiffs' decision not to call Mr. Smith.

> **(i) a complete statement of all opinions the witness will express and the basis and reasons for them;**
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FRCP 26(a)(2) (Emphasis Supplied.)

The first sentence of the Blount Litigation Report (which is attached as Exhibit A) makes clear what its purpose was:

> I have been asked in this case to render a rebuttal opinion on the Expert Witness Report of A. W. (Pete) Smith, Jr., dated February 1, 2018, as it relates to the reasonableness of the remuneration purportedly provided to Dr. James H. Taylor, the former President of the University of the Cumberlands, through a disputed agreement dated April 19, 2012.

A summary of the opinions Mr. Blount is prepared to render at trial is contained in the Conclusion of the Blount Litigation Report:

> Conclusion
>
> It is my opinion that Mr. Smith's determination that the Disputed Agreement "represents a reasonable and appropriate level of remuneration" is highly questionable. Mr. Smith did not rely on appropriate data to support his conclusion that there was a $3.4 million shortfall in Dr. Taylor's total remuneration over the 35 years of his presidency. Therefore, Mr. Smith's report does not reliably show that the future payments to Dr. and Mrs. Taylor under the Disputed Agreement are reasonable because of a documented shortfall in Dr. Taylor's prior compensation. In other words, the data does not support a finding that the compensation allegedly to be paid to Dr. and Mrs. Taylor under the Disputed Agreement was neither excessive nor unreasonable within the meaning of the Intermediate Sanctions Regulations.

Since Mr. Smith will not testify at trial, these opinions are no longer relevant and are not intelligible without reference to the Smith report.

The question presented here is not one of whether this motion is filed too late.[2]  The question is whether Mr. Blount will be allowed to express any opinions not expressed in his Litigation Report.  FRCP 26(1)(2) answers that question with a clear no.  That being the case and given that the Smith report is no longer a target, there is nothing for Mr. Blount to testify to in Defendant's case.  Of course, for the reasons made clear in Plaintiffs' response (Doc#.136) to Defendant's objections to the use of Mr. Blount's Deposition (Doc # 133), Mr. Blount's testimony about his January 6, 2016 letter to University counsel Jamie Jordon is critical to Plaintiff's case.

Respectfully Submitted,

/s/ D. Duane Cook
D. Duane Cook
John M. Sosbe
Cook & Watkins, PLC
306 N. Hamilton Street
Georgetown, KY 40324
duane@cookwatkins.com
john@cookwatkins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2019, a copy of the foregoing was filed with the Clerk of Court via the Court's ECF system, which will serve notification of such filing on all counsel of record.

/s/ D. Duane Cook
*Counsel for Plaintiffs*

---

[2]  Mr. Blount's deposition testimony about his first report is so favorable to Plaintiffs' case that counsel had not really focused on the content of the Blount Litigation Report until counsel for Defendant raised the whole issue of Mr. Blount's testimony during this past Monday's Pre-Trial Conference.